IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LONZETTA SMITH ALLEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 4:04-CV-209-Y |
| | § | "ECF" |
| TARRANT COUNTY COLLEGE DISTRICT | § | 4-08CV-182-Y |
| | § | |
| Defendant | § | |

**PLAINTIFF'S COMPLAINT
AND JURY TRIAL DEMAND**

Plaintiff Lonzetta Smith-Allen (Allen) files her complaint against defendant Tarrant County College District (Defendant), and for her cause of action alleges:

**PARTIES, JURISDICTION AND VENUE**

1. Allen is an individual, an African American female and a resident of Tarrant County, Texas.

2. Defendant is an independent college district organized under the laws of the State of Texas.

3. Jurisdiction is based on 42 U.S.C. 2000e-5(f) (3).

4. Venue is proper in this judicial district because the occurrences giving rise to the claim for relief asserted occurred in this judicial district and Allen filed her charge of discrimination under Title VII, 42 U.S.C. §2000e in this judicial district.

## FACTS

5. Allen was employed by Defendant as the Director of the Counseling Department in Student Development Services on Defendant's South Campus which is located at 5301 Campus Drive, Fort Worth, Texas 76119.

6. During almost sixteen (16) years of service, Allen performed her job duties in an excellent manner as evidenced by her employment evaluations. In fact, Allen had served as dean of student services at the time when that position was vacant and did so with less than full staff and successfully.

7. In 2004, Allen sought and received permission to fill vacant counselor positions. The position was advertised and a selection committee comprised of a diverse group of defendant's employees was selected.

8. The selection committee submitted several names to Allen as director to interview for the counseling position.

9. Allen interviewed the candidates and expressed her view that Leonard Hornsby, an academic advisor in the department and another African American female were clearly better qualified that two of the others persons referred to her to interview.

10. Defendant advised Allen that she needed to hire a Hispanic and not an African American to the counseling position and that she should re-advertise the position to accomplish this. Allen re-advertised the position.

11. The position was re-advertised and again a selection committee comprised of a diverse group of defendant's employees was selected.

12. Again, the selection committee submitted several names to Allen as director to interview for the counseling position.

13. Allen interviewed the candidates and again concluded that Hornsby was best qualified for the position of those persons referred to her to interview.

14. Again, after Allen expressed her view that Hornsby was the best qualified candidate, the defendant declined to fill the position and again decided to re-advertise the position.

15. Allen objected to what she perceived as illegal discrimination against Hornsby.

16. After Allen expressed her concern that the defendant's employees had illegally discriminated against Hornsby, her supervisor began to unjustifiably and unfairly criticize her work.

17. Prior to this time, Allen's formerly very good relationship with Ernest Thomas, president of the defendant's South Campus, had deteriorated for unrelated personal reasons.

18. Allen voiced her concerns about the deteriorating relationship to the Chancellor and the Vice-Chancellor. No help, however, was forthcoming from either of them.

19. Despite the prior lack of resolution with Thomas, Allen determined to speak to Thomas in an effort to resolve the issue resulting in maltreatment by her supervisor.

20. Allen met with Thomas in November or December 2006, to discuss these issues. However, because Thomas attempted to embrace and kiss her, Allen left meeting with Thomas without any resolution to the situation with her supervisor.

21. In January 2007, Allen met with Erma Johnson Hadley who informed her that she had been terminated and that she needed to sign a release if she wanted to be paid the balance due on her contract.

22. Allen declined to sign a release and after retaining counsel to demand payment under her contract, defendant paid the balance of her contract.

23. Allen filed a dual charge of discrimination with the Equal Employment Opportunity Commission and the Texas Commission on Human Rights Act complaining of this discharge.

24. After Allen filed her charge of discrimination, she was notified that she had officially been recommended for nonrewal and her contract was thereafter officially nonrewed.

25. The above described acts by defendant were in violation of Title VII of the 1991 Civil Rights Act's prohibition on race and sex discrimination as well as in violation of the Age Discrimination in Employment Act's (ADEA) prohibition on age discrimination and prohibition in both statues prescribing retaliation for engaging in protected activity which Allen did by opposing discriminatory practices against Hornsby and herself and filing a charge discrimination.

26. Allen has suffered pecuniary losses consisting of back and front wages as well as mental anguish.

27. Allen has incurred attorney's fees to vindicate her rights under the Title VII and seeks reasonable and necessary attorney fees as permitted by statute.

28. Allen also seeks pre-judgment and post-judgment interest allowed by law.

## JURY TRIAL DEMAND

29. Allen demands a jury trial of the claims raised in this complaint.

## **PRAYER FOR RELIEF**

WHEREFORE, Allen prays for the following relief:

i. Judgment against defendant for actual damages attributable to lost wages in the past, lost wages in the future, loss of retirement, medical and other benefits in the past and future, mental anguish, concern, worry and inconvenience in the past and future, and consequential damages.

ii. Exemplary damages against the defendant in a sum determined by the trier of fact.

iii. Prejudgment interest as provided by law.

iv. Post-judgment interest as provided by law.

v. Costs of suit, including a reasonable attorney's fee.

vi. Such other and further relief to which plaintiff may be justly entitled.

Respectfully submitted,

*/s/ N. Sue Allen*

N. Sue Allen
State Bar No. 00791992
307 West 7th Street, Suite 1800
Fort Worth, Texas 76102
(817) 926-5005
(817) 926-5165 (facsimile)

Attorney for Lonzetta Smith Allen

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Lonzetta Smith Allen

**DEFENDANTS**

RECEIVED
FT WORTH DIVISION
2008 MAR 18 PM 3:53

(b) County of Residence of First Listed Plaintiff  **TARRANT**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  **TARRANT**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
N. Sue Allen, 307 West 7th Street, Ste 1800, Fort Worth, TX (817) 926-5005

Attorneys (If Known)
Angela Robinson

**4-08CV-182-Y**

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☒ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN  (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. 2000e
Brief description of cause:
Discharge based on discrimination in employment

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) PENDING OR CLOSED
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE: 03/18/2008
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____